

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2004

# Wimbush v. UPMC Health Sys

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2389

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Wimbush v. UPMC Health Sys" (2004). *2004 Decisions.* Paper 696.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/696

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2389

MARGARET L. WIMBUSH,
                                        Appellant
v.

UPMC HEALTH SYSTEM

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 02-CV-00080 )
District Judge:  Honorable Gary L. Lancaster

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 11, 2004
Before:  NYGAARD, McKEE and WEIS, Circuit Judges.

Filed May 18, 2004

_____

OPINION

_____

WEIS, Circuit Judge.

        This is an action for employment discrimination in violation of the Age

Discrimination in Employment Act, 29 U.S.C. § 621, et seq., Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e, et seq., 42 U.S.C.

1

§ 1981 and the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. Plaintiff contends that she was terminated from her employment because of age, gender and race based discrimination. She abandoned the age and gender counts and has limited her claims to racial discrimination.

Plaintiff is a 53 year-old African-American woman who was employed as a nurse at the UPMC Presbyterian Hospital in Pittsburgh from 1991 until March 1, 2000. Hospital records document sixteen unacceptable incidents of conduct during this period. Most of these occurrences were acts of rudeness toward patients and fellow employees. After investigating patients' complaints that were the subject of the fifteenth and sixteenth events, the hospital discharged plaintiff on March 1, 2000.

After exhausting administrative remedies, plaintiff brought suit in the United States District Court for the Western District of Pennsylvania. The court applied the familiar burden shifting procedure of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). If a plaintiff presents a prima facie case, the defendant must articulate a legitimate basis for its action. The burden then shifts back to the plaintiff to demonstrate that the defendant's explanation was pretextual or unworthy of belief.

In this case, plaintiff tried to meet her burden by showing that similarly situated individuals had been treated more favorably than she. She asserts that another nurse, Francoise Barrioneuvo, who also had a number of disciplinary complaints, was not discharged because she was Caucasian and was married to a professor at the University of

2

Pittsburgh School of Medicine. Moreover, the couple allegedly did much entertaining and were quite active in fund-raising for the University.

The plaintiff's own testimony demonstrates that her situation and that of nurse Barrioneuvo were not essentially similar. Based on this, plaintiff failed to establish disparate treatment. Moreover, the records disclose that nurse Barrioneuvo was disciplined for her infractions, which were not as numerous as those attributed to the plaintiff.

We agree with the District Court's conclusion that plaintiff failed to establish disparate treatment as a basis for pretext.

Moreover, we are in accord with the conclusion that plaintiff failed to establish the existence of a hostile environment. The remarks of fellow employees that plaintiff found offensive are far different from the more aggravated and pervasive circumstances that courts have found to constitute a hostile environment. See generally Harris v. Forklift Sys., Inc., 510 U.S. 17 (1993); Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57 (1986).

We have carefully reviewed the District Court's thorough and comprehensive opinion explaining the reasons for its entry of summary judgment. We see no reason for further elaboration. The Court properly reviewed the applicable law in detail. Essentially for the reasons stated in the District Court's opinion, we will affirm the judgment.